# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **RENEE ESHCOFF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00012-RLM-SLC |
| | ) |
| **BAE SYSTEMS CONTROLS INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Defendants BAE Systems Controls Inc., and David Bernardini removed this case here from Allen Superior Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The notice of removal states that Plaintiff Renee Eshcoff alleges in her complaint: (1) that she is a "resident of the state of Indiana"; (2) that BAE Systems Controls Inc., is a Delaware corporation with its principal place of business in New York; and (3) that David Bernardini is a "resident of the state of New York." (DE 1 (quoting DE 5 ¶¶ 1, 6)).

Defendants' jurisdictional allegations in the notice of removal are inadequate. The party seeking to invoke federal diversity jurisdiction—in this instance, the Defendants—bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). This requires showing "total diversity as between *all* of the parties on one side of the versus sign and *all* of the parties on the other side." *Jumah v. Sharma*, 292 F. Supp. 2d 1121, 1121 (N.D. Ill. 2003) (citation omitted).

Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th

Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, Defendants must advise the Court of the domiciles of Plaintiff Renee Eshcoff and Defendant David Bernardini.

In alleging diversity jurisdiction, Defendants may not merely allege a "naked declaration that there is diversity of citizenship." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Also, allegations of federal subject matter jurisdiction must be made on personal knowledge, not on the basis of information and belief. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003). Therefore, Defendants' reliance on Plaintiff's allegations for setting forth their own citizenship is inadequate, particularly where one allegation was conditioned "[u]pon information and belief" in Plaintiff's complaint. (DE 5 ¶ 6).

Accordingly, Defendants are ORDERED to file an amended notice of removal on or before January 26, 2016, that properly alleges the citizenship of all the parties.

SO ORDERED. Enter for this 12th day of January 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge