UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RENEE ESHCOFF, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 1:16-CV-12 RLM |
| | ) |
| BAE SYSTEMS CONTROLS, INC. | ) |
| and DAVID BERNARDINI, | ) |
| | ) |
| Defendants | ) |

OPINION and ORDER

Renee Eshcoff says in her complaint that from February 2009 through February 2015, while was employed as a Senior Safety, Health, and Environment Specialist at BAE Systems Controls, Inc., she reported a number of her concerns about the company's non-compliance with OSHA regulations at its Fort Wayne, Indiana facility, problems with the facility's emergency response program, and inaccuracies in the facility's reports to OSHA. Compl., ¶¶ 17-19, 22. Ms. Eshcoff reports that BAE began an internal investigation into her complaints in May 2014. Compl., ¶ 21. In mid-February 2015, Ms. Eshcoff began overseeing a contractor safety program at the Fort Wayne facility. Compl., ¶ 26. She claims that while trying to organize co-workers and obtain information necessary for the program, BAE Systems, through David Bernardini, her supervisor, terminated her employment in retaliation for her reports of the facility's violations of state and federal laws, including OSHA and IOSHA. Compl., ¶¶ 27-32, 39, 45, 50.

Ms. Eshcoff filed suit in the Allen County Superior Court against BAE Systems Controls, Inc. and David Bernardini claiming retaliatory discharge in violation of Indiana Code § 22-5-3-3 by BAE Systems (Count 1), retaliatory discharge by BAE Systems in violation of Indiana Occupational Safety and Health Administration regulations (Count 2), and tortious interference with at-will employment by David Bernardini (Count 3). The defendants removed the complaint to this court pursuant to 18 U.S.C. §§ 1441, 1446, and 1332: Ms. Eshcoff is a citizen of the State of Indiana, BAE Systems Controls, Inc. is incorporated and has its principal place of business in New York, David Bernardini is a citizen of New York, and amount in controversy exceeds $75,000.

The defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss Ms. Eshcoff's claims in Count 3 of her complaint against David Bernardini. According to the defendants, Mr. Eshcoff can't prevail on her claim of tortious interference with employment claim because Mr. Bernardini, as Ms. Eshcoff's supervisor and BAE Systems' manager of Safety, Health, and Environment, was an agent of the company; Ms. Eshcoff hasn't alleged that Mr. Bernardini acted outside the scope of his employment in recommending her termination; and as an agent of the company and a party to a contract, Mr. Bernardini can't be personally liable for tortious interference with the company's own contract, citing Martin v. Platt, 386 N.E.2d 1026, 1027 (Ind. Ct. App. 1979) ("an officer or director of a corporation will not be held independently personally liable for inducting the corporation's breach of its contract, if the officer or

director's action is within the scope of his official duties on behalf of the corporation"). Ms. Eshcoff hasn't responded to the defendants' motion, and the time for doing so has passed.

The defendants base their motion to dismiss on Federal Rule of Civil Procedure 12(b), but haven't designated the applicable subsection. The defendants maintain Ms. Eshcoff can't establish that Mr. Bernardini is liable for tortious interference with her employment contract, so the court treats the defendants' motion as one under Rule 12(b)(6), which authorizes the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the complaint must meet the "notice pleading" requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A court considering a motion under Rule 12(b)(6) must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). The factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Detailed factual allegations" are not required, but the plaintiff

3

must allege facts that, when "accepted as true, [] 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's claim need not be probable, only plausible, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Ms. Eshcoff says in her complaint that David Bernardini was the manager of the department in which she worked at BAE Systems (Safety, Health and Environment), and on February 26, 2015, BAE Systems, "through [Mr.] Bernardini," terminated her employment. Compl., ¶ 32. Ms. Eshcoff hasn't alleged that Mr. Bernardini was acting outside the scope of his employment with BAE Systems, and asserts instead that Mr. Bernardini was acting as an agent of the company. Ms. Eshcoff claims Mr. Bernardini's actions in this regard constitute tortious interference with her employment contract with BAE Systems.

Ms. Eshcoff says Mr. Bernardini terminated her employment without justification while acting as an agent of BAE Systems. "[A]n action will not lie against a supervisor for tortious interference when the supervisor fires an employee, irrespective of the supervisor's motivations, if the supervisor possessed

4

the authority to fire the employee as part of his ordinary duties." Gilday v. Kenra, Ltd., No. 1:09-cv-229, 2011 WL 836989, at *13 (S.D. Ind. Mar. 4, 2011) (*citing* Trail v. Boys and Girls Clubs of Northwest Indiana, 845 N.E.2d 130 (Ind. 2006)). When managers and supervisors act in their official capacity as agents of the corporation, "they act not as individuals but as the corporation itself. In doing so, they are not acting as a third party, but rather as a party to the contract and cannot be personally liable for tortious interference with the contract." Trail v. Boys and Girls Clubs of Northwest Indiana, 845 N.E.2d 130, 138 (Ind. 2006).

"The tort of intentional interference exists to provide a remedy to those whose contracts and business relationships are disrupted by the wrongful acts of third parties." Gilday v. Kenra, Ltd., No. 1:09-cv-229, 2011 WL 836989, at *13 (S.D. Ind. Mar. 4, 2011). As an agent of BAE Systems, Mr. Bernardini wasn't a "third party interferer," so Ms. Eshcoff can't establish that she is entitled to the relief she seeks on her claim for tortious interference with an employment contract by Mr. Bernardini. Boyd v. Keystone Construc., No. 1:14-cv-119, 2015 WL 4427630, at *6 (S.D. Ind. July 20, 2015).

Based on the foregoing, the court GRANTS the defendants' motion to dismiss Count 3 of Ms. Eshcoff's complaint [docket # 3].

SO ORDERED.

ENTERED:   February 29, 2016

                                   /s/ Robert L. Miller, Jr.
                                   Judge, United States District Court