UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RENEE ESHCOFF,<br><br>        Plaintiff<br>   vs.<br><br>BAE SYSTEMS CONTROLS, INC,<br><br>        Defendant | CAUSE NO. 1:16-CV-12 RLM |

## OPINION AND ORDER

Renee Eshcoff was terminated from her position as a Safety, Health, and Environment Specialist with BAE Systems Controls, Inc. in 2015. She brought suit against BAE Systems in state court alleging that she was terminated in violation of Indiana Code § 22-5-3-3 (Count I) and Indiana Occupational Safety and Health Administration regulations (Count II); the complaint was removed to this court based on diversity jurisdiction.[1] BAE Systems moved for summary judgment and the court heard arguments on defendant's motion on March 15, 2017. For the following reasons, the court grants BAE Systems' motion.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the record demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment

---

[1] Ms. Eshcoff's complaint also contained a claim against David Bernardini for tortious interference with at-will employment. The court dismissed the tortious interference claim in February 2016 [Doc. No. 14].

as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion and identifying the parts of the record that demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. at 323. It can meet that burden by showing that there's no evidence to support the non-moving party's case. Id. at 325. Once the moving party has met its burden, the opposing party can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("[i]t is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies"); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

II. BACKGROUND

Renee Eshcoff was a BAE Systems Safety, Health, and Environment Specialist at its Fort Wayne Facility. While employed by BAE Systems, Ms. Eshcoff complained in writing about health and safety issues in the Fort Wayne facility. Ms. Eshcoff alerted company representatives that soon after she arrived at BAE Systems, a co-worker asked her to submit inaccurate workplace injury rates to the Indiana Occupational Safety and Health Administration. Following an incident in which the fire alarms were triggered at the facility, Ms. Eshcoff complained that the company didn't have an adequate emergency response plan. She also reported concerns with the electrical system, ergonomic problems, and that employees were exposed to high levels of solder exhaust.

Due to Ms. Eshcoff's complaints, BAE Systems' Director of Ethics and Business Conduct, the company's Director of Environment, Health and Safety, and others conducted an internal safety, health, and environment investigation and audit of the Fort Wayne facility in August 2014. The investigators found "[s]ubstantive [safety, health, and environment] issues occurring in [Fort] Wayne that have been known and unresolved for—in some cases—years". The investigators' report noted that the safety, health, and environmental issues uncovered by the investigators validated Ms. Eshcoff's complaints, including her written reports that BAE Systems' emergency response procedure was noncompliant.

The report also described management deficiencies that contributed to safety, health, and environmental issues going unresolved. The report named

3

Ms. Eshcoff's direct and indirect supervisors, David Bernardini and Robert Aldrete, and described how they contributed to the issues found in the investigation. The report didn't confirm Ms. Eshcoff's claims regarding inaccurate data requested for an IOSHA report.

A month after the investigators' findings were released, Mr. Bernardini and a human resources representative met with Ms. Eshcoff to "talk about how to get better as a team." Mr. Bernardini reviewed a series of expectations for Ms. Eshcoff moving forward, including concerns about her allegedly missing work without permission.

Mr. Aldrete had previously rebuked Ms. Eshcoff for disrespectful behavior toward him after an incident in a meeting. Ms. Eshcoff had emailed him an apology "for talking back to [him]," which she described as "inexcusable," but later accused Mr. Aldrete of trying to humiliate and harass her so that she would just "shut up." In February 2015, Ms. Eshcoff abruptly ended a meeting with Mr. Bernardini and others about a new area of responsibility for Ms. Eshcoff. She was placed on administrative leave after this incident. Earlier that month, the company launched an investigation of Ms. Eshcoff's time-card records to determine whether she was properly reporting her hours.

Ms. Eshcoff's employment was terminated at the end of February; the company cited insubordination and inaccurate timekeeping as the basis for the disciplinary action. Ms. Eshcoff had never previously been formally disciplined for these issues and Mr. Bernardini, her direct supervisor, had rated her as a good performer during her annual performance reviews. Ms. Eshcoff brought suit

against her former employer, alleging her termination violated Indiana's whistleblower statute and Indiana Occupational Safety and Health Administration regulations. BAE Systems moved for summary judgment on both claims.

III. DISCUSSION

*A. Whistleblower Retaliation Claim*

BAE Systems argues that Ms. Eshcoff can't prevail on her whistleblower retaliation claim under Ind. Code § 22-5-3-3 because no private cause of action is available to her under the statute. The Indiana Supreme Court hasn't addressed the issue, *see, e.g.,* Ellis v. CCA of Tennessee LLC, 650 F.3d 640, 650–51 (7th Cir. 2011), but our court of appeals has presumed that the statute provides a cause of action for certain forms of retaliation, including termination. Id. at 650–51. Sister district courts within the circuit also have presumed that the statute allows an employee to challenge a disciplinary action in a court. *See* Boyd v. Keystone Const., No. 1:14-CV-119-WTL-MJD, 2015 WL 4427630, at *4–5 (S.D. Ind. July 20, 2015); Cole v. Major Hosp., No. 1:14-CV-00549-SEB, 2014 WL 6977296, at *5 (S.D. Ind. Dec. 5, 2014); Neumeister v. City of Greenfield, No. 1:10-CV-659-SEB-MJD, 2012 WL 1067905, at *13 (S.D. Ind. Mar. 29, 2012); Ryan v. Underwriters Labs., Inc., No. 1:06-CV-01770JDTTAB, 2007 WL 2316474, at *6 (S.D. Ind. Aug. 8, 2007). *See also* Shoemaker v. Indiana State Police Dep't, 62 N.E.3d 1242, 1248 n. 5 (Ind. Ct. App. 2016).

5

BAE Systems, which seeks a new state law ruling, hasn't cited any authority to the contrary or given the court any reason to believe that the Indiana Supreme Court would disagree with the state and federal courts that have addressed the question. Given the need to tread lightly in an area of state law without clear statutory interpretation from the Indiana Supreme Court, the court will assume without deciding that the statute provides a private cause of action for Ms. Eshcoff's claim.

BAE Systems makes two other arguments as to why a private cause of action under the statute isn't available to Ms. Eshcoff. First, the company argues that if the statute provides a cause of action, it is limited to subsection (c) of the Act, which covers employees who are appealing a disciplinary action for knowingly providing false information in a written report. This statutory interpretation may be on firmer ground, but given the lack of guidance from the Indiana Supreme Court, this court declines to depart from other courts' interpretation of the scope of the statute's private cause of action. *See, e.g.,* Ryan v. Underwriters Labs., Inc., No. 1:06-CV-01770JDTTAB, 2007 WL 2316474, at *6 (S.D. Ind. Aug. 8, 2007) (accepting that the statute's private cause of action reaches an employee retaliated against for complaining in writing of a violation of law).

BAE Systems next contends that if the statute provided a cause of action, it wouldn't be available to Ms. Eshcoff because she had another remedy available, which she pursued in Count II: retaliatory discharge in violation of IOSHA regulations. Indiana courts have occasionally required that a party

elect a remedy at trial to prevent double recovery or "to avoid prejudice to the defendants in having to defend against inconsistent theories of recovery," but that isn't an issue at the summary judgment stage. Cahoon v. Cummings, 734 N.E.2d 535, 542 (Ind. 2000). More pertinently and as addressed later, double recovery isn't a concern because Ms. Eshcoff abandoned her claim when she didn't defend the retaliatory discharge claim in Count II. *See* Palmer v. Marion Cnty., 327 F.3d 588, 597 (7th Cir.2003).

*B.* Prima Facie *Case*

The parties agree that to prevail under Ind. Code § 22-5-3-3, Ms. Eshcoff must show that:

1. she was an employee of a private employer;
2. her employer was under public contract;
3. she made a report in writing alleging:
    a. a violation of a federal law or regulation;
    b. a violation of a state law or rule;
    c. a violation of an ordinance of a political subdivision;
    d. the misuse of public resources; and
4. the violation alleged concerned the execution of a public contract.

*See* Ind. Code § 22-5-3-3.

BAE Systems argues that Ms. Eshcoff can't established a *prima facie* case because her written complaints didn't concern the execution of a government contract or identify a violation of law. The statute requires that a written

complaint must concern "the execution of public contract." Ind. Code § 22-5-3-3(a); Logan v. Indiana Dep't of Corr., No. 104CV0797SEBJPG, 2005 WL 3003077, at *5 (S.D. Ind. Nov. 8, 2005). Ms. Eshcoff complained in writing that the Fort Wayne facility's emergency response plan was inadequate. She testified at her deposition that when she began her tenure with BAE Systems, twenty-five percent of the facility's production was related to government defense work. She further testified that while the facility was almost completely commercial at the time of her termination, the facility maintained a repair department that serviced defense equipment.

BAE Systems acknowledged that the company enters into public contracts and didn't present evidence contradicting Ms. Eshcoff's testimony. Viewing the evidence in the light most favorable to Ms. Eshcoff and drawing all permissible inferences in her favor, a reasonable jury might find that Ms. Eshcoff's complaints about the Fort Wayne facility's lack of an adequate emergency response plan concerned the execution a government contract if, as she claims, twenty-five percent of the facility's work related to a defense contract.

Next, BAE Systems contends that Ms. Eshcoff hasn't established a *prima facie* case because her written complaints didn't identify a violation of law. The statute only provides protection to an employee who reported a violation of law, regulations, rules, or an ordinance in writing. *See* Ind. Code § 22-5-3-3(a) (requiring that the plaintiff "report in writing the existence of: (1) a violation of a federal law or regulation; (2) a violation of a state law or rule; [or] (3) a violation of an ordinance of a political subdivision); Ellis v. CCA of Tennessee LLC, 650

F.3d 640, 651 (7th Cir. 2011). Complaints about violations of internal company safety procedures or industry best practices are insufficient to trigger the statute's protections. Ellis v. CCA of Tennessee LLC, 650 F.3d 640, 651 (7th Cir. 2011).

The record includes complaints in writing from Ms. Eshcoff that the company's emergency response plan was deficient and she was instructed to provide inaccurate data for an IOSHA report. Her complaints didn't allege violations of law on their face, but her reports caused enough concern that BAE Systems' corporate office started an internal audit of the company's Fort Wayne facility, including an onsite investigation. The investigation found that there were "[s]ubstantive [safety, health, and environment] issues occurring in [Fort] Wayne that have been known and unresolved for—in some cases—years." The report validated many of Ms. Eshcoff's complaints, including her written report that BAE Systems' emergency response procedure was deficient; the company found it "noncompliant." BAE Systems' conclusion that the facility's emergency response procedure was "noncompliant" isn't dispositive because it doesn't demonstrate a violation of law; the report could be referring to compliance with internal protocols, industry best practices, or something else that is insufficient to trigger the protections of Ind. Code § 22-5-3-3.

In her brief and at the hearing, Ms. Eshcoff claimed that the conduct she complained of violated OSHA and EPA regulations, Indiana fire codes, and Indiana building codes. But she "[has] not told [the court] what state or federal laws were violated by the conduct [she] observed," Ellis v. CCA of Tennessee LLC,

9

650 F.3d 640, 651 (7th Cir. 2011); she didn't direct the court to any section of code, regulation, rule, or ordinance she claimed was violated. "A whistleblower has to complain about such a violation . . . before the Act's protections are triggered." Id. Therefore, BAE Systems is entitled to summary judgment on Count I.

### C. IOSHA Retaliation Claim

BAE Systems argued in its brief in support of its motion that Ms. Eshcoff's claim of retaliatory termination for her reports of IOSHA violations fails because she didn't exhaust her administrative remedies, the statute doesn't provide a cause of action, and her complaints were within the scope of her duties as a Safety, Health, and Environment Specialist. See Ind. Code § 22–8–1.1–38.1.

Ms. Eshcoff didn't address any of BAE Systems' arguments or in any way support her IOSHA retaliation claim in her response brief or at the hearing. On summary judgment, an undefended claim is deemed abandoned. See Palmer v. Marion Cnty., 327 F.3d 588, 597 (7th Cir.2003). BAE Systems is entitled to summary judgment on Count II.

### IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [Doc. No. 26] is GRANTED. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  May 15, 2017

                                               /s/ Robert L. Miller, Jr.
                                               Judge
                                               United States District Court